No. 9634.
Orleans Appeal.

SECRETARY OF WAR, Operating Mississippi-Warrior Service, Appellant, v. T. O. J. COLLINS, Etc.

(November 17, 1924, Opinion and Decree.)

(Syllabus by the Court.)

1. Louisiana Digest, Obligations, Par. 44.

A threat to exercise a legal right does not amount to duress justifying the rescission of an agreement.
(Civil Code, Art. 1856—Editor's Note.)

Appeal from First City Court, Hon. Leon L. Labatt, Judge.

This is a suit for a balance due.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Dart, Kernan and Dart, Louis C. Guidry, attorneys for plaintiff and appellant.

Walter G. Weidig, attorney for defendant and appellee.

WESTERFIELD, J. A controversy arose between the plaintiff and defendant as to defendant's liability to plaintiff in the sum of $237.63 under circumstances which ·in the view we take of the case it is unnecessary to discuss.

The defendant, after consulting with his attorney, wrote the plaintiff the following letter:

"November 22, 1921.
Mr. J. S. Powell, Auditor,
Mississippi-Warrior Service,
321 Custom House Bldg.,
New Orleans, La.
Dear Mr. Powell:
Confirming conversation with you of Saturday, regarding claim of $237.63 for nine (9) bales of rags, I wish to state that I will pay this claim to your Company at the rate of $25.00 a week, which $25.00 is to be deducted from my voucher every week.

Also your company is to give me an assignment of all of their rights in the said claim against the Texas Transport & Terminal Company and to assist me in every manner possible to make out my claim against the said Texas Transport & Terminal Company, and if necessary, that your Company would turn over to me your complete file for my information and use if necessary.

Yours very truly,
(Signed)T. O. J. COLLINS,
Collins Transfer Co.
A/C MR. W. H. COOK,
Bienville Street Walk,
New Orleans, La.

and subsequently paid to plaintiff five weekly installments or a total of $125.00

in execution of the agreement embodied in the letter. This suit is for the balance of $112.63 which defendant agreed to pay.

Articles 3078 and 3079, Revised Civil Code, read as follows:

"Art. 3078. Compromise in *Res Adjudicata*: Error: Lesion. Transactions have, between the interested parties, a force equal to the authority of things adjudged. They cannot be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected."

"Art. 3079. Rescission: Grounds for. A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence."

The contention in this case is that the compromise as set forth in the letter was agreed to and the letter signed under duress, the duress consisting of a threat on the part of plaintiff to withhold certain sums of money due defendant. This contention is, we think, without merit. See R. C. C. Articles 1851 and 1856.

For the reasons assigned we are unable to agree with our brother of the First City Court and the judgment appealed from must be reversed.

It is now ordered that there be judgment in favor of plaintiff herein and against defendant in the full sum of $112.63 with legal interest thereon from judicial demand until paid and all costs.